985 F.2d 560
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Scott A. GRANT, Petitioner-Appellant,
v.
Terry L. MORRIS, Supt., Respondent-Appellee.
 No. 92-3239.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1993.
 
 Before KEITH and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Scott A. Grant, proceeding with assistance of counsel, appeals from the order of the district court denying his petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 After a jury trial, Grant was found guilty of involuntary manslaughter and kidnapping. He was sentenced to concurrent terms of 8 to 25 years and 7 to 25 years imprisonment. The Ohio Court of Appeals affirmed the conviction and the Supreme Court of Ohio denied Grant's petition for review.
 
 
 3
 In his petition for habeas relief, Grant asserted three allegations of error (a fourth allegation of error was dismissed by Grant to avoid dismissal of his petition for lack of exhaustion). He alleged:
 
 
 4
 1) where a defendant offers a hearsay statement of another person admitting the crime with which the defendant is charged, the prosecution may not attack the non-testifying declarant's statement with subsequent inconsistent statements without violating the Confrontation Clause of the Sixth Amendment;
 
 
 5
 2) where a criminal trial has been preceded by extensive and continuous news media coverage to the extent that all twelve of the final jurors gave admitted opinions about one or more facts of the case, the statements of the jurors themselves that they can be fair and follow the law are insufficient to assure impartiality; and,
 
 
 6
 3) a confession obtained after eleven hours of interrogation at a police station without counsel is presumptively coerced and the prosecution's burden to establish voluntariness and compliance with Miranda v. Arizona, 384 U.S. 436 (1966), cannot be met by ritualistic compliance with Miranda or because a statement was, in fact, obtained.
 
 
 7
 The case was submitted to a magistrate judge who recommended that Grant's petition be denied. The magistrate judge concluded that the trial court did not deprive Grant of his rights under the Sixth Amendment, see Bourjaily v. United States, 483 U.S. 171, 183 (1987); that pretrial publicity did not pervade the community and that Grant was not denied an impartial jury and a fair trial, see Irwin v. Dowd, 366 U.S. 717, 722 (1961); and that Grant's confession was not the result of unlawful interrogation or impermissible police coercion in violation of Miranda. See McCall v. Dutton, 863 F.2d 454, 459 (6th Cir.1988), cert. denied, 490 U.S. 1020 (1989). The district court adopted the magistrate judge's recommendation over Grant's objections and denied the petition for a writ of habeas corpus.
 
 
 8
 Upon review, we find no error. Accordingly, the order of the district court is hereby affirmed for the reasons set forth in the magistrate judge's report and recommendation dated October 17, 1991, as adopted by the district court in its order dated February 4, 1992. Rule 9(b)(3), Rules of the Sixth Circuit.